### OLIVER SCHLEMMER CO. v. STEINMAN-MEYER FURNITURE CO.

1. ALLEY DEDICATED AND ACCEPTED IS PUBLIC THOROUGHFARE.

An alley, duly dedicated and accepted as such, becomes a public way, and abutting premises are invested with an appurtenant easement therein.

2. ABUTTING OWNER MAY NOT OBSTRUCT PUBLIC ALLEY.

Where one of two owners, whose properties abut on an alley in the rear, obtains a vacation of the alley without the consent of the other owner, the petitioning owner cannot thereafter obstruct the alley at the only means of exit without furnishing some other means of egress therefrom, notwithstanding the nonconsenting owner has access to the front of his lot.

[Syllabus approved by the court.]

**W. M. Ampt** and **O. W. Kuhn,** for plaintiff.

**Tugman & Baker,** for defendant.

JELKE, J.

For the facts in this case see *Schlemmer Co. v. Furniture Co.* 15 Dec. 92, affirmed.

We are of opinion that when Kirby alley was accepted by the city of Cincinnati under the amended dedication it became and was a public way, and the premises occupied by the Oliver Schlemmer Company abutting on it became invested with an appurtenant easement in the same, which was not and could not be destroyed by the proceedings for a public vacation. Neither has there been any conduct or laches on the part of the plaintiff to create an estoppel *in pais*. This being so, the proposed wall which defendant admits it purposes to build is such a trespass upon the private property rights of plaintiff as to entitle plaintiff to an injunction without compelling him to submit and bring his action at law for damages.

A decree for injunction may be had herein by plaintiff, and the same general order made as was made by the court below.

**Swing** and **Giffen, JJ.,** concur.